UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHANGHAI HOST CHEMICAL COMPANY, LTD., <br><br>　　　Plaintiff, <br><br>　　vs. <br><br>CREATIVE COMPOUNDS, L.L.C., <br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:06CV95 HEA

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for New Trial or, in the Alternative, Motion for Judgment Notwithstanding the Verdict, [Doc. No. 103]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

This matter was tried before a jury on March 4, 2009 and March 5, 2009. At the close of Plaintiff's evidence, the Court directed a verdict in favor of Plaintiff, Defendant having conceded that, based on the evidence allowed, it could not present a defense. Thereafter, Defendant presented evidence on its Counterclaim. The jury returned its verdict in favor of Defendant on its Counterclaim, but awarded no damages. Defendant now moves for a new trial or alternatively, a judgment as a

matter of law.[1]

## Standard for Considering Post-Trial Motions

Presumably, Defendant's Motion was filed under Federal Rules of Civil Procedure 50 and 59.

**Motion for Judgment as a Matter of Law**

(a) Judgment as a Matter of Law.

(1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgmen

(b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment-or if the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was discharged-the movant

---

[1] Defendant moves the Court for a judgment notwithstanding the verdict, however, under the Federal Rules of Civil Procedure, the motion is now a motion for judgment as a matter of law. Fed.R.Civ. 50.

may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

**Fed.R.Civ.P. 50(a) & (b)**.

In considering a motion or renewed motion for judgment as a matter of law filed under Rule 50, the court must "decide the record contains evidence sufficient to support the jury's verdict." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 863 (8th Cir.2004). In doing so, the court "'must examine the sufficiency of the evidence in the light most favorable to [the prevailing party] and view all inferences in [his] favor.'" *Id.* (quoting *Racicky v. Farmland Indus., Inc.*, 328 F.3d 389, 393 (8th Cir.2003)). "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining [the prevailing party's] position ." *Id.* See *Foster v. Time Warner Ent. Co.*, 250 F.3d 1189, 1194 (8th Cir.2001) ("Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Internal quotation

marks, citation omitted.); *Littleton v. McNeely,* 562 F.3d 880, 885 (8th Cir. 2009)(same).

On a motion for judgment as a matter of law, the Court must give "great deference to the jury's verdict." *Heaton v. The Weitz Co., Inc.*, 534 F.3d 882, 889 (8th Cir.2008) (citation omitted). The nonmoving party receives the benefit of all inferences which can be drawn without resort to speculation. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 908-09 (8th Cir.2005). The court must:

> consider the evidence in the light most favorable to the jury verdict. Specifically, we assume all conflicts in the evidence were resolved in [Defendant's] favor, assume [Defendant] proved all facts that [his] evidence tended to prove, and give [Defendant] the benefit of all favorable inferences that reasonably may be drawn from the proven facts.

*Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1009 (8th Cir.2008) (citations omitted).

**Motions for New Trial**

Rule 59(a), which provides, in pertinent part, "The court may, on motion, grant a new trial on all or some of the issues-and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). Rule 59(a) has been explained as follows: In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is

whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir.1994). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. **Fed.R.Civ.P. 61.**

Consistent with the plain language of Rule 59(a), the court may grant a partial new trial solely on the issue of damages. **Fed.R.Civ.P. 59(a)(1)(A)**; see, e.g., *Powell v. TPI Petro., Inc.*, 510 F.3d 818, 824-25 (8th Cir.2007) (remanding for partial new trial on damages). For example, a partial new trial on the issue of damages is appropriate when the jury's verdict is so grossly inadequate as to shock the conscience or to constitute a plain injustice. *Taylor v. Howe*, 280 F.3d 1210, 1211 (8th Cir.2002); *First State Bank of Floodwood v. Jubie*, 86 F.3d 755, 759 (8th Cir.1996). "Each case must be reviewed within the framework of its distinctive facts." *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 922 (8th Cir.1986) (citing *Hollins v. Powell*, 773 F.2d 191, 197 (8th Cir.1985)).

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other

results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir.1992) (citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237.

"The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36(1980). On the issue of damages, the propriety of the amount of a verdict "is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of witnesses and which knows the community and its standards....'" *Wilmington*, 793 F.2d at 922 (quoting *Solomon Dehydrating Co. v.. Guyton*, 294 F.2d 439, 447-48 (8th Cir.1961)). "[T]he assessment of damages is especially within the jury's sound discretion when the jury must determine how to compensate an individual for an injury not easily calculable in economic terms." *Stafford v. Neurological Med., Inc.*, 811 F.2d 470, 475 (8th Cir.1987); see also *EEOC v. Convergys Customer Mgmt. Group, Inc.*, 491 F.3d 790, 798 (8th Cir.2007) (same).

A movant may not use a motion for a new trial "to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552 (8th Cir.2000) (citation omitted); *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). The movant must "specifically identify the alleged erroneous ruling and the improperly excluded evidence." *Moses.com Sec. Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1059 (8th Cir.2005) (citations and internal quotations omitted).

### Discussion

In this case, Plaintiff disagrees with this Court's rulings in allowing the testimony of Zhang Weiting; excluding the evidence of the alleged exclusivity agreement between Plaintiff and Defendant; allowing Plaintiff's counsel to argue in closing argument that the jury could make an adverse inference form Defendant's failure to call Derek Cornelius as a witness; in admitting into evidence the deposition transcript of Zhang Weiting; admitting the affidavit of Zhang Weiting with an attached assignment of rights; in failing to direct a verdict in favor of Defendant on Plaintiff's breach of contract claim against Defendant, arguing that there was no evidence of consideration for the assignment of rights agreement; and in limiting the damages Defendant could claim to the single transaction involving Syntax

Innovations, Inc.

Defendant merely argues matters previously argued throughout these proceedings.  Motions for Judgment as a Matter of Law or for a New Trial are not vehicles through which a party may reargue previously presented arguments.  Rather, as previously set forth, these motions serve to prevent manifest errors or law or fact, or to present newly discovered evidence.  This Court considered Defendant's arguments at the time of its rulings and has reviewed the pleadings, the record and each of its rulings and finds no manifest errors of law or fact which would justify granting a Rule 50 or 59 motion.  Plaintiff has failed to present any manifest errors of law or fact in the Court's ruling.

Moreover, the evidence presented supports the jury verdict.  As to the issue of damages, this Court articulated the reasoning for excluding evidence of an alleged exclusivity agreement: there simply was no admissible evidence to support such an agreement.

## **Conclusion**

Defendant has not established that the evidence is insufficient to support the jury's verdict, nor has it established that the record is fraught with such error that a manifest injustice has resulted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment as a Matter of Law or in the Alternative, for New Trial, [Doc. No.103], is **DENIED**.

Dated this 21st day of May, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE